Teresa M. TURNER, Plaintiff,

v.

**VANCOM TRANSPORTATION OF MISSOURI, INC., Defendant.**

No. 4:95–CV–316 (CEJ).

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 16, 1996.

Clifford B. Faddis, Jr., Fischer and Faddis, St. Louis, MO, for Plaintiff.

James N. Foster, Jr., McMahon and Berger, St. Louis, MO, for Defendant.

## *MEMORANDUM*

JACKSON, District Judge.

This matter is before the Court on defendant's motion for summary judgment. *See* Fed.R.Civ.P. 56. Plaintiff has filed a memorandum in opposition to the motion.

On December 14, 1994 plaintiff filed a charge with the National Labor Relations Board ("NLRB") alleging that defendant discharged her because "she gave testimony under the [National Labor Relations] Act, and/or cooperated in the Board's investigative processes." On February 1, 1995 plaintiff filed a complaint in the Circuit Court of the City of St. Louis, Missouri alleging that defendant "wrongfully discharged plaintiff because of her testimony to the National Labor Relations Board." On February 21, 1995 the case was removed to this Court. *See* 28 U.S.C. §§ 1441, 1446.

Plaintiff testified before the NLRB on December 9, 1994 and was discharged on December 14, 1994. Plaintiff's NLRB complaint alleged that the defendant had engaged in unfair labor practices within the meaning of §§ 7 and 8(a)(1)[1] of the National Labor Relations Act ("NLRA"). 29 U.S.C. §§ 157 and 158(a)(1) (1984). Specifically, the NLRB charge states that the defendant "interfered with, restrained, and coerced its employees in the exercise of rights guaranteed to them by Section 7 of the Act by discharging [plaintiff] because she gave testimony under the Act, and/or cooperated in the Board's investigative processes."

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment

---

1. Plaintiff originally alleged a violation of 8(a)(4), but the plaintiff withdrew it and the NLRB amended the charge on February 13, 1995.

the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S.Ct. 1348, 1355–1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ Defendant argues that plaintiff's claim should be dismissed because the NLRB has exclusive jurisdiction to investigate and prosecute claims arising under §§ 7 and 8 of the NLRA.[2]

■ The NLRB has exclusive jurisdiction to resolve claims "arguably" brought under § 7 or § 8 of the NLRA. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959); *see Platt v. Jack Cooper Transport, Co.,* 959 F.2d 91, 94 (8th Cir.1995). If a wrongful discharge suit is based on the same allegations as a § 7 or § 8 NLRB charge, the suit is preempted under *Garmon. Id.*

2. After this motion was filed, the NLRB completed its investigation and adjudicated plaintiff's claims. In a June 5, 1995 NLRB order the plaintiff's charge against Vancom was dismissed.

3. Plaintiff argues that the complaint also raises a First Amendment free speech claim which would not fall within the jurisdiction of the NLRB.

Where there is no "significant distinction" between the allegations in the NLRB charge and the corresponding civil suit, NLRB jurisdiction is primary and the civil suit is properly dismissed. *DeSantiago v. Laborers International Union, Local 1140,* 914 F.2d 125, 129 (8th Cir.1990).

 In the present case, plaintiff's NLRB charges were brought under §§ 7 and 8 of the NLRA. There is no question that the NLRB has asserted jurisdiction over the claims. The NLRB investigated the complaint and dismissed the charge based on plaintiff's claim of wrongful discharge. Further, there is no significant distinction between the NLRB charges and the civil complaint.[3] The allegations are essentially identical. Thus, plaintiff's charges fall within the exclusive jurisdiction of the NLRB.

Accordingly, defendant's motion for summary judgment will be granted.

However, the plaintiff does not allege that defendant's conduct constitutes state action; therefore, this argument is meritless. *See Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); *Brown v. Polk County, Iowa,* 61 F.3d 650, 654 (8th Cir.1995).